IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID M. STEFFY, by his attorney in fact, LILA T. STEFFY, his wife,<br><br>                Plaintiffs,<br><br>        vs.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, NATIONAL CITY CORPORATION WELFARE BENEFITS PLAN, and NATIONAL CITY CORPORATION,<br>                Defendants. | Civil Action No. 09-0538 |

AMBROSE, District Judge

# OPINION AND
# ORDER OF THE COURT

### Synopsis

Plaintiffs David M. Steffy and Lila T. Steffy have moved pursuant to Federal Rule of Civil Procedure 12(f) to strike the Amended Answer and Counterclaims filed by Defendants Liberty Life Assurance Company of Boston, National City Corporation Welfare Benefits Plan and National City Corporation [Docket No. 36]. Defendants have moved in the alternative for leave to file the Amended Answer and Counterclaims. For the reasons set forth below, I grant Defendants' motion and I grant in part and deny in part Plaintiffs' motion to strike.

1

**I. Applicable Standards**

Motions to strike pleadings are governed by Federal Rule of Civil Procedure 12(f), which states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f) (West 2010). "A decision to grant or deny a motion to strike a pleading is vested in the trial judge's sound discretion." Tauro v. Baer, 2009 WL 2410952, at *1 (W.D. Pa. Aug. 4, 2009). Striking a pleading is "a drastic remedy to be resorted to only when required for the purposes of justice." Wilson v. King, 2010 WL 678102, at *2 (W.D. Pa. Feb. 24, 2010).

**II. Factual Allegations**

Plaintiff David Steffy ("Steffy") was employed by National City Corporation ("National City") as a vice president from May of 1996 to June 1, 2007. (First Amended Complaint, [Docket No. 10], at ¶ 7.) Beginning in 2006, National City noticed that Steffy was losing his focus, his memory and having cognitive problems. (Id. at ¶ 9.) He was relieved of some of his accounts, resulting in a decline in his sales volume. (Id.) Steffy sought and obtained a diagnosis, underwent medical treatment and notified his superiors of this treatment. (Id. at ¶¶10-13.) However, his symptoms did not improve. (Id. at ¶14.)

On June 1, 2007, Steffy's employment with National City was terminated. (Id. at ¶ 15.) In connection with his termination, Steffy entered into an agreement with National City, pursuant to which National City paid him severance in the amount of $7,500 per month for a period of three months, through August 31, 2007. (Id. at ¶16.) This amount was less than his regular monthly earnings of approximately $12,500 per month. (Id.) The agreement also contained a release and waiver of certain rights Steffy may have had against National City. (Id. at ¶ 18.)

Plaintiffs allege, *inter alia*, that the agreement was not knowingly and voluntarily executed, in that: National City forced him to sign the release and waiver, even though it was on notice of his loss of memory, loss of focus, and cognitive problems; he did not know his rights, particularly given his cognitive problems; his rights were not clearly spelled out in the agreement; he was not encouraged to seek benefit of counsel; he had no opportunity to negotiate the terms of the release; the consideration given in exchange for the waiver was far less than the benefits to which he was entitled by law; National City did not explain to Steffy his benefits, despite representing that it would do so; and Steffy was mentally impaired at the time he executed the release. (Id.)  Plaintiffs assert claims for denial of benefits, breach of fiduciary duty, equitable estoppel, and violations of the FMLA and ERISA § 510, and seeks short term disability and long term disability benefits, as well as any other benefits to which Steffy is entitled.

Defendants served their answer to the First Amended Complaint on October 22, 2009 [Docket No. 22].  The amended case management order required that motions to amend the pleadings be filed by February 19, 2010 [Docket No. 32].  Without seeking leave of court, Defendants served an Amended Answer on February 16, 2010 [Docket No. 36].

The Amended Answer sets forth three counterclaims by Defendant National City against Plaintiffs for conversion, unjust enrichment and breach of contract.  Basically, National City allleges that Plaintiffs' retention of the severance payments is inequitable and in breach of the parties' severance agreement in light of Plaintiffs' claims against Defendants for benefits and damages.

**IV. Plaintiffs' Motion To Strike Defendants' Amended Answer**

    **A. Timeliness**

Federal Rule Civil Procedure 15(a)(1)(A) provides that a party may serve an amended pleading once as a matter of course within twenty-one days after serving the initial pleading. Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R.Civ. P. 15(a)(2). The amended case management order herein provided that "the time for motions to amend the pleadings. . .is extended to February 19, 2010." Because Defendants filed their Amended Answer more than twenty-one days after their initial Answer, and also failed to seek the Court's leave prior to filing the Amended Answer, Defendants' Amended Answer is untimely.[1]  However, this conclusion does not dispose of this matter.

    **B. Defendants' Motion for Leave to File Their Amended Answer.**

In the alternative, Defendants now seek leave to file their Amended Answer and Counterclaims. "Leave to amend shall be freely given when justice so requires." Saez v. General Motors Corp., 2009 WL 27425, at *1 (3d Cir. Jan. 6, 2009). "[A] district court may deny a request to amend if (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other parties." Juan v. Sanchez, 2009 WL 1566782 (3d Cir. Apr. 7, 2009).

While Defendants did not comply with the Court's case management order, they nevertheless filed their Amended Answer during the time period in which I agreed to accept motions to amend.

---

[1] Defendants' argument [Docket No. 44, at 4 n.2] that the amended case management order merely states that "Amended Pleadings are due by 2/19/2010" is incorrect. The Court's January 7, 2010 Order clearly requires a motion to amend the pleadings [Docket No. 32]. There is no basis for a claimed "misinterpretation" and Defendants have no excuse for their failure to follow this directive.

Therefore, I do not feel that there was undue delay by the Defendants. Plaintiffs do not argue that they would suffer any prejudice as a result of the amendment. Finally, Plaintiffs argue that the purpose of the Amended Answer and Counterclaim "is to intimidate [them] into withdrawing [their] complaint." [Docket No. 43, at 4.] However, I do not find Plaintiffs' conclusory statement in this regard compelling. See Nesselrotte v. Allegheny Engergy, Inc., 2007 WL 3147038, at *4 (W.D. Pa. Oct. 25, 2007) ("with the exception of argument of counsel, Plaintiff fails to offer any evidence that Defendants' proposed counterclaims are brought in bad faith"). Accordingly, the only remaining basis upon which I could refuse to permit the amendment would be futility.

"'Futility' challenges an amendment's legal sufficiency. In assessing futility, the Court applies the same standard of legal sufficiency as applied under Rule 12(b)(6)." Id. at *5 (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). The amendment would be futile if the proposed counterclaims fail to state a claim upon which relief could be granted. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

With respect to National City's counterclaims for breach of contract and unjust enrichment, Plaintiffs argue that National City, as a plan fiduciary, is not entitled to recover funds from a plan participant. However, National City's counterclaim seek recovery of funds paid to Steffy under the terms of the parties' severance agreement, not recovery of disability payments made under the Plan. The cases relied upon by Plaintiffs involve claims asserted by ERISA plan fiduciaries seeking to recover overpayment of benefits paid under the plans, and are thus inapposite. See Plucinski v. I.A.M. Nat'l Pension Fund, 875 F.2d 1052, 1057 (3d Cir. 1989) (employers have an equitable cause of action to recover contributions erroneously paid to pension funds due to a mistake of fact or law); Killian v. Johnson & Johnson, 2008 WL 2559307, at *5 (D. N.J. June 24, 2008) (dismissing

5

employer's and plan's counterclaim for unjust enrichment based on overpayment of disability benefits to employee); Unum Life Ins. Co. of America v. Laszok, 2005 WL 2237610, at *6 (D. N.J. Sept. 12, 2005) (dismissing plan fiduciary's claim against employee to recover overpayment of long-term disability benefits). In addition, at this stage of the litigation I must accept as true the allegations that a severance agreement was entered into between the parties, and that the funds that National City seeks to recover were paid pursuant to the terms of that agreement. Accordingly, National City's second and third counterclaims for breach of contract and unjust enrichment are not futile, and will be permitted at this stage of the litigation.

With respect to the first counterclaim for conversion, Plaintiffs argue that such claims are prohibited by ERISA, and that National City cannot establish the "immediate right to possession to the property" required to state a claim for conversion under Pennsylvania law. As I previously stated, the monies that National City seeks to recover are not benefit payments and, based on the allegations of the counterclaim upon which I must rely, are not subject to ERISA. However, Plaintiffs' second argument holds more weight.

Under Pennsylvania law, "[c]onversion is the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification." Shonberger v. Oswell, 530 A.2d 112, 114 (Pa. Super. 1987). "Money may be the subject of conversion." Id. However, "claims for conversion have been consistently disallowed where such claims are based on the same facts as the contract claim." Hess v. Sexchick Poultry Svcs. Inc., 2006 WL 5004100, at * 1 (Pa. Com. Pl. Aug. 23, 2006). "[I]f a plaintiff's rights to property are defined by a contract with a defendant, then that plaintiff may not sue that defendant in tort for conversion of that property." Id. (quoting Phoenix Four Grantor Trust #1 v. 624 North Broad St. Assocs., 2000

WL 876728, at *9 (E.D. Pa. June 29, 2000)); see also, FedEx Ground Pkg. Sys., Inc. v. Applications Internat'l Corp., 2008 WL 4279751, at *11 (W.D. Pa. Sep. 12, 2008) (granting summary judgment dismissing counterclaim for conversion where "the heart of this claim is decidedly contractual and the rights and duties arose from the parties' contract"). Moreover, "[t]he party claiming conversion must have had an immediate right of possession of the property at the time it was allegedly converted." Corporate Plaza Partners, Ltd. v. American Employers' Ins. Co., 1996 WL 180696, at *1 (E.D. Pa. Apr. 3, 1996) (dismissing counterclaim for conversion where defendant had voluntarily paid the money to plaintiff pursuant to the terms of the parties' agreement); Montgomery v. Federal Ins. Co., 836 F. Supp. 292, 301 (E.D. Pa. 1993) (no claim for conversion where defendant "was merely accepting money that was owed to it by virtue of the parties' agreement"). Here, National City acknowledges that it "seeks to recover severance payments made to Steffy pursuant to the Agreement." [Docket No. 44, at 8-9]. Under these circumstances, National City has failed to allege a claim for conversion under Pennsylvania law. Accordingly, I find that National City's first counterclaim is futile and should be stricken.

## Conclusion

Based on the foregoing, Defendants' motion for leave to file an Amended Answer with Counterclaims is granted. The Amended Answer is deemed filed as of February 16, 2010. Plaintiffs' motion to strike is granted with respect to the first counterclaim, alleging conversion, and denied in all other respects.

## ORDER OF COURT

Having carefully considered Plaintiffs' motion to strike Defendants' Amended Answer and Counterclaim [Docket Nos. 42 and 43], Defendant's opposition thereto and cross-motion for leave to amend [Docket No. 44], and Plaintiffs' reply thereto [Docket No. 45-1], it is hereby ORDERED that:

(1) Defendants' cross-motion for leave to amend is granted, and the Amended Answer is deemed filed as of February 16, 2010;

(2) Plaintiffs' motion to strike is granted with respect to the first counterclaim for conversion; and

(3) Plaintiffs' motion to strike is denied in all other respects.

Dated: April 15, 2010

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
U.S. District Judge